Case 24-2923, Western District of Missouri, United States v. Shaune Price My name is Dan Goldberg and I represent Shaune Price in this appeal. The District Court erred in its application of 5G 1.3 when it failed to properly adjust Mr. Price's sentence by the guidelines. I think the issue here is straightforward because in the past five years this Court has reversed on this very issue twice, in the McKinsey case and the Winnick case. I know this panel is familiar with those cases and here I think the error is unambiguous based on a straightforward application of those cases. Well McKinsey, in McKinsey though, the District Court never got the guideline range right, correct? I think that's right. Yes, and here the District Court eventually got the guideline range right, correct? I don't think the judge ever touched the 106 figure. That's the number we The District Court got the range right. I'm talking procedural, you're a veteran, you know what I'm talking about. Sorry, yes, Your Honor. Yes, they got the range right. And generally if the judge gets the range right and then says this is the sentence I would have given, they can reject all the guidelines, says the Supreme Court, every guideline that's ever been invented on a policy disagreement and impose a sentence, correct? I think that's typically right but here it's distinct because McKinsey and Winnick have this four step test, right? And I don't think the Eighth Circuit sets forth a four step test just for the fun of it or to look smart. I think it wants it to engage that four step test because it's important that on appeal we have a record that makes us understand that the Court knew what it was doing. So it was a procedural error, right? Yes, Your Honor. But in other cases we have other procedural errors where when the District Court gets to the 3553 and makes clear that it's basing its sentence on those factors, it can vary up, it can vary down and we kind of, for better or for worse, set aside the procedural error and go with the District Court's discretion on the ultimate sentence. And in fact, Winnick, the last step of Winnick, anticipates that the District Court at the end of that process can do whatever it wants within the range of the applicable law. Why aren't we in exactly that situation here? What makes this error different than other procedural errors? Well, I'd say for a couple reasons. The guidelines, of course, says shall and it is a guidelines so it's not discretionary. I think you have to follow that guideline, at least based on McKinsey and Winnick, that these four steps are not discretionary. You have to do them and once you do them and you get the calculation complete and accurate, then you can vary, I think is what those cases stand for. And I think that makes sense because, you know, my client makes this meritorious objection after being sentenced to 130 months and the sentence goes up. That's very counterintuitive where the judge says, yes, you're right, you're entitled to a credit and we're going to go up. I think even the government concedes the problem in at least a couple areas in this case. Just in the district court, when the judge first goes up to 154 months, it's the government that objects first. It says, whoa, whoa, whoa, my head's spinning here. The district court, to his credit, says me too. And then the government, again, persists in its objection. This is page 82 of the transcript that this might quote lengthen his overall time of sentence, unquote. And when you read the transcript, and I've read it a lot, it's just not clear that the judge knows what is going to happen after the sentence and whether BOP is going to give them a credit or not, in addition to that. And so that's troubling. I think the Supreme Court says, you know, in these types of areas, we should have a resentencing because they're not expensive, they're not kind of... So that means a suggestion that if it was remanded for resentencing, you might get a different result. Because the way I... I haven't read the transcript as much as you have, no It seems like the district court pretty much wanted to get where it ended up. And that's why we apply harmless error, because we know if we send it back in certain cases, the sentence is going to be the same. And I'm wondering, having read the transcript, why isn't that the case here? Yeah, I think for a couple of reasons. Because I think it's a good point. I mean, the judge should be able to come out and sentence him however he wants, right? That's kind of a knee-jerk reaction that makes sense. I mean, he could come out and just say 130 months. Not do a guidelines calculation. But that's not what we want, right? That's not... Well, the two Supreme Court courts say you have to do guidelines calculation, isn't it? Right. Again, per se... Yeah, and I think McKenzie and Winnick also say, you've got to do this right before you vary upwards and downwards. Because it matters. He should know that it's a 106 figure before going up to 130. It shouldn't go up to 154. My client is losing by objecting at that point. And on re-sentencing, I would want the judge to acknowledge the 106 figure, and then I want to talk to the judge about that. And say, hey, you don't need to go up to 130. Or you don't have to go all the way up to 130. You could do 124. Or you could do 118. And we haven't even talked about the other 17 days. The judge didn't even get close to getting that right. And every day counts. And I think, you know, you can't dispute that every day counts here. And that's problematic here. I think the other thing to point out is that based on McKenzie and Winnick, this area of the law is different. This is a de novo standard review. The government disputes that. I just don't know where they get that. McKenzie and Winnick both apply de novo review. And so I think we need to do this consistently in each case. I think even in the government's brief on page 16, when they actually engage Winnick, they say, well, this is harmless error because the judge could have started at 130, gone down to 106, and then varied back up to 130. We're seeing the same thing. And that's just the error. And I think it's clear that based on this meritorious objection, the court shouldn't be going up. I also want to engage the government's argument that the district court erred at all in applying the guideline. Of course, they didn't make that objection below. So I think that's problematic on appeal, that this court ought not be entertaining new issues for the first time. And I think it's requiring the government's argument, if I understand it, is they're saying, well, the probation officer said that he had served his sentence in its entirety at the state level. Therefore, you don't apply the guideline. I just think that that's contradicted by the findings of the district court. And they say the judge on page 80 of the transcript says, quote, this court is going to find that the undischarged imprisonment was 24 months, end quote. So I just think it rejects the government's arguments here. Unless there's other questions, I'd like to reserve the remainder of my time. You certainly may. Mr. Davids. Pardon me. May it please the court, my name is Justin Davids. I'm an assistant U.S. attorney and I represent the appellee of the United States of America. Good morning. There was no error here. The court said, well, surely, Mr. Davids, there was error with regard to the 17 days. I'm going to say no, but that really comes into my harmless error analysis. Okay, well, that's where I was getting in. Surely there was error in applying LENC. At least in the order in which it was applied. If this guideline were applicable, then there would be an error. Well, then maybe there's error in applying it, if it shouldn't have been applied. There was an error in applying this guideline, but I think that in the end, it's harmless because the court... Where I was getting to is, could you explain why you think this is all harmless? Sure. The court made it very clear. It said, notwithstanding this issue, it intended the defendant to serve 130 months in prison. Once this was raised, the court took a break. It consulted with the probation officer. It came back out. It discussed it with the parties, but it made very clear that it intended to sentence the defendant, that the defendant serve 130 months in BOP. That's the first harmless error. It's also harmless, and we do have an issue about what would happen on remand. This is not just a situation where the probation officer says that there is no undischarged conduct. It's in the PSR. It's in PSR paragraph 79, and it notes that the defendant was conditionally released to the marshal's office on April 9th, 2024. Conditionally released is a term of art under the Missouri revised statutes. That's 558.011.4, subsection 2, conditional release means conditional discharge subject to conditions of release. There was no undischarged term of imprisonment here. Should the court then, should we send it back for re-sentencing so that they can consider it on a correct understanding of the... I think that's unnecessary because I think, again, the court made very clear that it intended to sentence him to 130 months. It made that clear, and then there was the objection based on the 5G 1.3 analysis, and so the judge took that into consideration. And so... What about the 17 days? Judge, again, if this were to apply, but I think the issue is if this court were to remand it, the court can't, the district court can't apply 5G 1.3. Did the government object to the application below? I don't recall. They did not. They did not, but I... This is probably a simple question I should know the answer to, but was the government required to appeal if they thought it didn't apply? I don't believe so, Judge, because it was okay with the sentence. It was satisfied... So now you're suggesting it doesn't apply. I guess... I suggested it doesn't apply, and I suggested that is... That we affirm the sentence. That you affirm the sentence. Gotcha, okay. And so, and the reason that's why we made the argument that it's harmless, because if it goes back to the district court, it can't even apply those guidelines. If you instruct the district court to apply this guideline, you're requiring it to violate the guidelines. I'm with you there. Right. So, this is the government's position. The judge clearly said 150 months, and then gave 154 months, and then gave credit. If the appellant had had issue with the 154 months where the court started from, then they could have argued that that was a substantively unreasonable sentence to begin with, right? But they never made that argument. They're saying in their brief that the court didn't apply the guideline. It did. It's noted on the record. It's noted in its judgment, its written judgment. So, that's really where the court can stop. But if it does believe that there was an error in the guidelines application, then it's harmless for both reasons I've said. Perhaps though on like a more academic point, this guideline is a product of the pre-Booker era. And so, it interestingly uses, it doesn't say that you vary down, or you reduce from the guidelines range, from the calculated guidelines range, right? It uses the word sentence. And so, this isn't a simple application where we calculate the guidelines, and then take away the time spent in prison from those, and then apply the 3553A factors, right? So I think we need to resolve Winnick in relation to Booker that says that the guidelines are advisory, right? So, I think in this case, or in cases applying this guidelines, what is important is that the judge, like all guidelines, takes it into consideration, recognizes that there is this time. But ultimately, it's the 3553A factors that control. And here, the court did that. Again, the objection was raised. It took it into consideration. It spoke with probation. It spoke with the parties. And it reviewed the 3553A factors. And it made clear 130 is the sentence, right? And so, that also then goes, again, to the 17 days. I think that is plain error review. So, I think that the burden is on the appellant to show that a substantial right was affected. And I think the judge, again, made clear that it wanted to sentence the defendant to 130 months. Does the record reflect how long a break the district court took? Does it have the time in it? It does not. But I understand it wasn't five minutes. Oh, okay. I think it was... I couldn't tell by the way you just both... Yeah, the record doesn't... The record, you know, sometimes it doesn't show up. Sure, sure, sure. Especially when... Honestly, Judge, it may, but I wasn't really paying attention, but... It's a curiosity question. Thank you. But I do believe that the court took time to speak with probation during that. If there are no other questions, the government respectfully requests the court affirm the district court's decision. Thank you. Thank you, Mr. Davis. Mr. Goldberg. Thank you, Your Honor. Judge Strauss had a great quote in the Winnick case. He said that, quote, the district court did bore little resemblance to what Section 5G 1.3 requires. I think that applies here. I don't think government has really engaged what it did here. It keeps on saying today in a conclusory fashion, it was clear, it was clear, it was clear. You can't just say things are clear. You have to explain how it's clear from the transcript. They haven't done that for you here on de novo review. I think it was ambiguous. He doesn't address that his own co-counsel below was flummoxed and said so to the judge. I don't think it's clear and I think we would have a shot at getting my client less time in prison. I don't think that's an outrageous assertion here. I think, second, I would like to talk about the government's reliance on the PSR. He cites to a Missouri State statute he's never cited before in the briefing. I think that's troubling. He talks about conditional release and has a term of art and that, therefore, his sentence was fully discharged. That's hotly disputed throughout the hearing and it was resolved against him below. Why else would the judge have applied the guideline? Again, we've cited to that version of the transcript. I think they have failed in that endeavor. Third, the government talks about substantive reasonableness. It's not our job to raise that issue on appeal until it's procedurally done right. We want it done right and then if we need to, we'll object and appeal that issue. The final issue, again, the 24 months and 17 days, they don't dispute it. It's from March 23, 2022 to April 9, 2024. If you calculate that, that is 24 months and 17 days. The government doesn't dispute that. Mr. Price is entitled to every day of that and every day counts under Supreme Court case law. They've argued for a plain air standard review for that issue but he didn't really speak to how that wasn't preserved based on the objections or, alternatively, if it was plain air review, why it wouldn't be entitled to relief under that standard. Unless there's other questions, Your Honor, I thank you for your time. I thank both counsel for the argument. Case 24-2923 is submitted for decision by the court.